UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

03-73503
ORIGINAL

JULIE FARMER and DARREN FARMER,
husband and wife,

Plaintiffs,

JOSEPH HELMAN, D.M.D., DALE BAUR, D.D.S. and STEPHEN KING, D.D.S.

Defendants,
_______________________________/

NANCY G. EDMUNDS
CIVIL NO.
MAGISTRATE JUDGE DONALD A. SCHEER
HON.

FILED
2003 SEP 12 P 3:44
U.S. DIST. COURT

## NOTICE OF REMOVAL

Defendant Dale Baur, D.D.S., by undersigned attorneys, Jeffrey G. Collins, United States Attorney for the Eastern District Of Michigan, and Elizabeth J. Larin, Assistant U.S. Attorney, pursuant to 28 U.S.C. §§1442(a)(1), 1442a and 2679(d); hereby removes this action (Case No. 03-510-NH), which is now pending in the Washtenaw County Circuit Court, from the circuit court to the United States District Court for the Eastern District of Michigan, Southern Division.

This action is removable because defendant, Dale Baur, D.D.S., was a Colonel in the Dental Corps of the United States Army and was on active military duty at all times relevant to the complaint.

In addition, this action is removable because L. Michael Wicks, Chief of the Civil Division of the United States Attorney's Office for the Eastern District Of Michigan, who is the appropriate official of the Department of Justice, has certified that defendant Dale Baur, D.D.S, was acting in the scope of his official duties and employment as a U.S. Army dentist at the time of incident alleged in the complaint.

The above-entitled action was filed in the Washtenaw County Circuit Court on May 13, 2003, and received by defendant Baur on August 15, 2003. Under 28 U.S.C. §2679(d), an action may be removed "...at any time before trial..." Copies of all pleadings received by defendant Baur are attached.

WHEREFORE, defendant Dale Baur, D.D.S. requests that the files and pleadings filed in the Washtenaw County Circuit Court, Case No. 03-510-NH, be transmitted forthwith by the Clerk of that court to the Clerk of the United States District Court for the Eastern District of Michigan, since this action is now pending in this court.

Respectfully submitted,

JEFFREY G. COLLINS (P37260)
United States Attorney

ELIZABETH J. LARIN (P32254)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
PHONE: (313) 226-9782

Dated: September 12, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE FARMER and DARREN FARMER,
husband and wife,

Plaintiffs.

CIVIL NO.

-vs-

HON.

JOSEPH HELMAN, D.M.D., DALE
BAUR, D.D.S. and STEPHEN KING, D.D.S.,

Defendants.

______________________________________/

## CERTIFICATE OF SCOPE OF EMPLOYMENT

Pursuant to 28 U.S.C. § 2679, as amended by Public Law 100-694, and by virtue of the authority vested in the United States Attorney for the Eastern District of Michigan by the Attorney General under 28 C.F.R. § 15.3, and re-delegated to me by the administrative directive of the United States Attorney, I hereby certify:

1. I have read the complaint in this action.

2. On the basis of the information now available, the individual federal defendant, Dale Baur, D.D.S., was employed as a Colonel in the U.S. Army, Dental Corps, and acting within the scope of his employment as an employee of the United States at the time of the incident described in the complaint.

This 12th day of September, 2003.

JEFFREY G. COLLINS (P37260)
United States Attorney

L. MICHAEL WICKS (P24457)
Assistant United States Attorney
Chief, Civil Division
Office of the U.S. Attorney
Eastern District of Michigan
PHONE: (313) 226-9760

Original | 1st copy - Defendant | 2nd copy - Plaintiff | 3rd copy - Return

| | | |
|---|---|---|
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>22nd JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT | CASE NO.<br>03- 510 -NH |

Court Address
Courthouse; 101 E. Huron, Ann Arbor, MI 48107-8645

Court telephone no.
734/222-3383

Donald E. Shelton

| | | |
|---|---|---|
| Plaintiff name(s), address(es) and telephone no(s).<br>JULIE FARMER and DARREN FARMER | V | Defendant name(s), address(es), and telephone no(s).<br>Dale A. Baur, D.D.S.<br>1500 East Medical Center Drive<br>Ann Arbor, MI 48109-0018 |
| Plaintiff attorney, bar no., address, and telephone no.<br>WILLIAM F. MILLS (P24263)<br>Gruel Mills Nim & Pylman LLP<br>50 Monroe Avenue, Suite 700W<br>Grand Rapids, MI 49503<br>616/235-5500 | | |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires: | Court clerk |
|---|---|---|
| | AUG 1 1 2003 | |

This summons is invalid unless served on or before its expiration date.

___ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.

x A civil action between these parties or other parties arising out of the transaction or occurrence as alleged in the complaint has been previously filed in the Court of Claims Case No: 03-67-MH.

__ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

CERTIFIED MAY 13 2003

The civil/domestic relations action _ remains _ is no longer pending.

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Oceana County, Michigan | Washtenaw County, Michigan |

Place where action arose or business conducted
Washtenaw County, Michigan

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date ______________ Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

STATE OF MICHIGAN

WASHTENAW COUNTY CIRCUIT COURT

JULIE FARMER and DARREN FARMER,
husband and wife,

Plaintiffs,

vs.

JOSEPH HELMAN, D.M.D., DALE BAUER, D.D.S. and STEPHEN KING, D.D.S., jointly and severally,

Defendants.

Case No: 03- 510 -NH

Donald E. Shelton

WILLIAM F. MILLS (P24263)
Gruel Mills Nims & Pylman LLP
50 Monroe Avenue NW, Suite 700W
Grand Rapids, MI 49503
(616) 235-5500

RECEIVED
MAY 13 2003
WASHTENAW COUNTY
CLERK/REGISTER

# COMPLAINT AND DEMAND FOR JURY TRIAL

THERE IS CURRENTLY PENDING IN THE COURT OF CLAIMS CASE NO. 03-67-NH BETWEEN PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT.

NOW COME Plaintiffs, through their counsel, Gruel Mills Nims & Pylman LLP, and state for their complaint against Defendants as follows:

1. At all relevant times, Julie Farmer is an adult resident of Hart, Michigan, in Oceana County.

2. At all relevant times, Darren Farmer is an adult resident of Hart, Michigan, in Oceana County and the husband of Julie Farmer.

3. That at all times relevant hereto, the Board of Regents for the University of Michigan as Operators of the University of Michigan Medical Center (UMMC) was duly organized and existed by virtue of the laws of the State of Michigan and operated a hospital commonly known as University of Michigan Medical Center, located in the City of Ann Arbor, County of Washtenaw, State of Michigan; and that at all times relevant hereto, and for many years past, said Defendant has been engaged in the operation of said hospital, pursuant to MCLA 333.21521, MCLA 333.20141 and 333.21513, where persons afflicted with illness and disease are given care and treatment for a consideration.

4. At all relevant times the Board of Regents, through the UMMC has operated and owned the University of Michigan Oral and Maxiofacial Surgery Clinic in Washtenaw County, Michigan (hereafter, "UMMC").

5. At all relevant times, Defendant Joseph Helman, D.M.D., was engaged in the practice of dentistry in Washtenaw County and held himself out to the public, and in particular, to Julie Farmer, as a skilled and competent physician in the field of dentistry who was capable of properly and skillfully treating, caring for, and curing individuals seeking his services.

6. Defendant Helman owed Plaintiff the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by persons specializing in the field of dentistry and to use reasonable care and diligence in the exercise of his skill and application of his learning in the care and treatment of Plaintiff Julie Farmer in accordance with prevailing standards.

7. At all relevant times, Defendant Helman was the apparent, ostensible, implied, and/or express agent or employee of UMMC and was acting within the course and scope of such employment or agency when the acts of negligence set forth below were committed, thereby imposing liability upon UMMC and its clinic, by reason of *respondeat superior*.

8. At all relevant times, Defendant Dale Bauer, D.D.S., was engaged in the practice of dentistry in Washtenaw County and held himself out to the public and, in particular, to Plaintiff Julie Farmer as a skilled and competent dentist who was capable of properly and skillfully treating, caring for, and curing individuals seeking her services.

9. Defendant Bauer owed Plaintiff Farmer the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by those specializing in the field of dentistry and to use reasonable care and diligence in the exercise of his skill and the application of his learning in the care and treatment of Plaintiff Farmer in accordance with the prevailing standards.

10. At all relevant times, Defendant Bauer was the apparent, ostensible, implied, and/or expressed agent or employee of UMMC, and was acting within the course and scope of his employment when the acts of negligence set forth below were committed, thereby imposing liability upon UMMC by reason of *respondeat superior*.

11. At all relevant times, Defendant Stephen King, D.D.S., was engaged in the practice of dentistry in Washtenaw County and held himself out to the public and, in particular, to Plaintiff Julie Farmer as a skilled and competent dentist who was capable of properly and skillfully treating, caring for, and curing individuals seeking her services.

12. Defendant King owed Plaintiff Farmer the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by those specializing in the field of dentistry and to use reasonable care and diligence in the exercise of his skill and the application of his learning in the care and treatment of Plaintiff Farmer in accordance with the prevailing standards.

13. At all relevant times, Defendant King was the apparent, ostensible, implied, and/or expressed agent or employee of UMMC and was acting within the course and scope of

sail employment when the acts of negligence set forth below were committed, thereby imposing liability upon UMMC by reason of *respondeat superior*.

14. Each of the Defendants, by and through their authorized agents, and/or employees, had the duty to provide Plaintiff Farmer with the services of competent, qualified, and licensed staff of physicians, nurses, dentists, and other employees to properly diagnose her condition and to render competent advise and assistance in the care and treatment of her case and to render the same in accordance with the applicable standards of care.

15. At all relevant times, Defendants undertook to examine, diagnose, treat, attend, and care for Plaintiff Farmer.

16. Defendants, individually, and through their duly authorized agents, servants, and/or employees, and in disregard of their duties and obligations to Plaintiff Farmer, and at variance with the applicable standards of care, were negligent in one or more of the following particulars:

a. Employing personnel who are unskilled and unfit for such employment and in permitting them to attend, advise, diagnose, treat, and care for Plaintiff Farmer;

b. Failing and neglecting to provide and furnish Plaintiff Farmer with the proper and necessary care and treatment for which she had contracted and sought medical service, advice, and treatment;

c. Failing and neglecting to employ physicians, physicians' assistants, nurses, and other personnel who possess that degree of skill and learning ordinarily possessed by such individuals;

d. Failing and neglecting to possess that degree and learning ordinarily possessed by persons practicing in the field of dentistry;

e. Failing and neglecting to care for and treat Plaintiff Farmer in accordance with the standards of care required in dentistry;

f. Failing to determine the etiology of the three areas of pain Julie Farmer was experiencing—that in her temporal, preauricular and lower jaw;

g. Failing to utilize conservative treatment measures prior to surgical intervention;

h. Failing to secure proper indications for the saginal split osteotomy performed on December 21, 2000, at UMMC and its Maxiofacial Clinic;

i. Failing to properly supervise Defendants Bauer and King by not having Defendant Helman present in the operating room for the first 26 minutes of the surgical procedure;

j. Negligently causing injury to the lingual nerve and improperly performing the saginal split osteotomy by failing to interrupt the inferior alveolar nerve as intended, and by creating an open bite or otherwise failing to recognize that she already had an open bite;

k. Failing to provide Julie Farmer with surgeons, physicians, and other personnel capable of properly assessing and treating her condition;

l. Other acts of malpractice to be discovered.

17. The acts and/or omissions constituting negligence or malpractice by Defendants, alleged above, proximately caused Julie Farmers condition to worsen post-operatively, with ongoing severe facial pain and dysthesias, necessitating ongoing medical care and treatment and leaving her with an uncertain future.

18. As a further proximate result of the negligent acts or omissions alleged above, Plaintiff Farmer has suffered and will continue to suffer, pain, disfigurement, numbness, and disability, together with humiliation, shock, outrage, and embarrassment.

19. As a further proximate result of the above acts or omissions, Plaintiff Darren Farmer, as the husband of Plaintiff Julie Farmer, has suffered the loss of society and companionship of his wife, and those losses are expected to continue into the future.

WHEREFORE, Plaintiffs respectfully request Judgment against Defendants in an amount exceeding $25,000, together with interest, costs, and attorneys fees as allowed by law.

GRUEL MILLS NIMS & PYLMAN LLP
Attorneys for Plaintiffs

May 6, 2003

William F. Mills (P24263)

## JURY DEMAND

NOW COMES the above-named plaintiff by and through their attorneys, Gruel Mills Nims & Pylman LLP, and hereby demands trial by jury on all issues so triable.

GRUEL MILLS NIMS & PYLMAN LLP
Attorneys for Plaintiffs

May 6, 2003

William F. Mills (P24263)

# AFFIDAVIT OF MERIT GARY WOLFORD DDS

STATE OF MICHIGAN )
) ss.
COUNTY OF __________ )

I am an oral and maxillofacial surgeon, and do hereby certify that I have reviewed the Notice of Intent to File Claim in this matter and all medical records supplied to me by plaintiff's counsel concerning the allegations contained in the Notice, and further state the following:

1. **The Applicable Standard Of Practice Or Care.**

The standard of care in this case required:

- A hospital or outpatient oral and maxillofacial clinic is to provide physicians and other health care providers capable of proper care and treatment;
- A proper workup, evaluation and assessment of a patient presenting with temporal, preauricular and lower jaw pain;
- Accurate determination of etiology of facial pain
- Proper utilization of conservative measures prior to surgical intervention;
- Proper indications for surgery;
- Proper performance of, and documentation of, any surgical procedures performed;
- Proper supervision of hospital residents, fellows, or other surgical assistants.

2. **The Applicable Standard Of Practice Or Care Was Breached.**

The applicable standard of care in this case was breached in the following respects:

- On November 13, 2000, Dr. Helman and the other health care providers in the UMMC Oral and Maxillofacial Surgery Clinic failed to properly evaluate and assess Julie Farmer's condition;
- The health care providers of Julie Farmer at UMMC failed to determine the etiology of the three areas of pain Julie Farmer was experiencing – temporal, preauricular, and lower jaw;

- Dr. Helman and the health care providers at UMMC Oral and Maxillofacial Clinic failed to utilize conservative treatment measures prior to surgical intervention;

- Dr. Helman and the health care providers at UMMC failed to have proper indications for the sagittal split osteotomy performed on December 21, 2000, at UMMC;

- On December 21, 2000, Dr. Helman failed to properly supervise fellow, Dale Baur DDS, and resident, Steven King DDS, by not being present in the operating room for the first twenty-six minutes of the surgical procedure;

- During the performance of the December 21, 2000, surgery, Dr. Helman and the health care providers of Julie Farmer at UMMC, negligently caused injury to lingual nerve and improperly performed the sagittal split osteotomy by failing to interrupt the inferior alveolar nerve as intended, and by creating an open bite or failing to recognize that she already had an open bite;

- UMMC failed to provide Julie Farmer with surgeons, physicians, and other personnel capable of properly assessing and treating her condition.

3. **<u>The Actions Which Should Have Been Taken Or Omitted By The Health Care Professionals In Order To Have Complied With The Applicable Standard Of Care.</u>**

See paragraphs one and two, above.

4. **<u>The Manner In Which The Breach Of The Standard Of Practice Or Care Was The Proximate Cause Of The Injury Alleged.</u>**

The failure to comply with the standard of care, as outlined above, caused or contributed to Julie Farmer's worsened condition postoperatively, with ongoing severe facial pain and dysthesias, necessitating ongoing medical care and treatment, leaving her with an uncertain future.

Gary Wolford DDS

Gary Wolford, DDS

Subscribed and sworn to before me this
7 day of May, 2003.

Sharron Collier, Notary Public
Macomb County, Michigan
My commission expires: January 7, 2007

SHARRON COLLIER
Notary Public, Macomb County, MI
My Commission expires Jan. 7, 2007

#47737

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED

ORIGINAL

03-73503

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY G. EDMUNDS

JULIE FARMER and DARREN FARMER,
husband and wife,

Plaintiffs,

CIVIL NO.

JOSEPH HELMAN, D.M.D., DALE BAUR, D.D.S. and STEPHEN KING, D.D.S.,

HON.

Defendants,

MAGISTRATE JUDGE DONALD A. SCHEER

FILED 2003 SEP 12 P 4:11

## CERTIFICATE OF SERVICE

It is hereby certified that service of **Notice of Removal, Notice Of Filing Notice Of Removal, Certificate Of Scope Of Employment** and Certificate of Service has this 11th day of September, 2003, been made by placing same in an envelope, and depositing said envelope in a United States Postal receptacle at Detroit, Michigan addressed:

CLERK OF THE COURT
State of Michigan 22nd Judicial Circuirt Crt.
101 E. Huron
Ann Arbor, MI 48107-8645

WILLIAM F. MILLS
GRUEL, MILLS, NIM & PYLMAN, LLP
50 Monroe Avenue N.W., Ste. 700W
Grand Rapids, MI 49503

SHARON ALMONRODE
SULLIVAN, WARD, BONE, TYLER & ASHER, P.C.
25800 North Western Highway
1000 Maccabees Center
P.O. Box 222
Southfield, MI 48037-0222

Pat Reinhold

Pat Reinhold, Legal Assistant
Office of the United States Attorney